UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:17-22701-CIV-WILLIAMS/TORRES

ADELAIDA CHICO, and others similarly
situated under 20 U.S.C. 216(b),

       Plaintiff,

vs.

DUNBAR ARMORED, INC.,

       Defendant.
_____/

## DEFENDANT'S ANSWER AND STATEMENT OF AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Dunbar Armored, Inc., by and through the undersigned counsel, files its Answer and Statement of Affirmative Defenses to the Complaint filed by named Plaintiff Adelaida Chico ("Chico") and states as follows:

1. Defendant avers that Chico purports to bring this action for alleged violations of the Fair Labor Standards Act, 29 USC §§ 201-216 ("FLSA"), except denies that it violated the FLSA.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, except admits that Chico is currently employed by Defendant in Miami-Dade County.

3. Defendant admits that it is a corporation which conducts business in Miami-Dade County, except denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant denies that any acts or omissions giving rise to Chico's alleged FLSA claim occurred, except admits Chico is employed by Defendant in Miami-Dade County.

## COUNT I.  FEDERAL OVERTIME WAGE VIOLATION

5. Defendant avers that Chico purports to bring this action as a collective action under 29 U.S.C. § 216(b) and that she believes there may exist employees who were not paid overtime and/or minimum wages for hours worked in excess of 40 hours in a week, except Defendant denies such allegations.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant states that Paragraph 7 of the Complaint does not contain any allegations requiring admission or denial; rather, it simply quotes from 29 U.S.C. § 207 (a)(1), which speaks for itself.

8. Defendant denies the allegations contained within Paragraph 8 of the Complaint.

9. Defendant neither admits nor denies the allegations contained within Paragraph 9 of the Complaint, as they call for a legal conclusion to which no response is required.

10. Defendant admits it regularly employed two or more employees, except neither admits nor denies the remaining allegations contained within Paragraph 10 of the Complaint, as they call for a legal conclusion to which no response is required.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

Defendant denies that Chico and the allegedly similarly situated, unidentified employees are entitled to any of the relief requested in the <u>ad</u> <u>damnum</u> clause following Paragraph 14 of the Complaint.

Each and every allegation which is not specifically admitted by Defendant is denied.

Defendant avers that Chico demands a trial by jury on all issues so triable, except denies there exist any triable issues in this matter.

## STATEMENT OF AFFIRMATIVE DEFENSES

### GENERAL DENIAL

Defendant denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted in this pleading.

### FIRST AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Chico and the allegedly similarly situated employees were exempt from the overtime requirements of the FLSA under the executive and/or administrative exemptions.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because the acts and omissions

complained of were made in good faith in reliance on the executive, administrative and/or tacking exemption of the FLSA, 29 U.S.C. § 213(a)(1), and Defendant had reasonable grounds for believing its acts or omissions were not violations of the FLSA because of the supervisory job duties and functions that Chico performed while employed as Defendant's Head Teller.

### THIRD AFFIRMATIVE DEFENSE

Even if the allegations in the Complaint are true, which they are not, any amounts due to Chico and the and the allegedly similarly situated employees should be set off by payments received by them from Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Chico's and the allegedly similarly situated employees claims under the FLSA are barred on the grounds that, pursuant to 29 U.S.C. § 259(a), the acts or omissions complained of in this case were in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals or other interpretations of the Administrator of the Wage and Hour Division of the Department of Labor.  More specifically, Defendant relied on the executive, administrative and/or tacking exemption of the FLSA, 29 U.S.C. § 213(a)(1).

### FIFTH AFFIRMATIVE DEFENSE

Chico's and the allegedly similarly situated employees' claims for "double damages" should be denied, in whole or in part, because in the event violations of the FLSA did occur, which they did not, Defendant's actions were neither willful nor reckless, but were taken in good faith, and were based on reasonable grounds for believing the actions were not violations of the FLSA.

### SIXTH AFFIRMATIVE DEFENSE

Chico's and the allegedly similarly situated employees' claims are barred by

payment in that they all have received all compensation to which they are entitled under the FLSA.

### SEVENTH AFFIRMATIVE DEFENSE

Even if the allegations contained in the Complaint are true, which they are not, to the extent that the time for which Chico's and the allegedly similarly situated employees allege that they had not been compensated involves only insubstantial or insignificant periods of time, these periods of time are "*de minimis*" and are not compensable under the FLSA pursuant to 29 C.F.R. § 785.47.

### EIGHTH AFFIRMATIVE DEFENSE

For some or all of the claims asserted, individual issues of fact or law predominate over common issues.

### NINTH AFFIRMATIVE DEFENSE

Chico is not an adequate representative of those individuals she purports to represent because, *inter alia*, the job duties and responsibilities of Head Tellers vary from branch to branch.

### TENTH AFFIRMATIVE DEFENSE

Defendant seeks a good-faith extension of the law, such that Chico's and the allegedly similarly situated employees' claims are barred, in whole or in part, based on the principles set forth in Faragher v. City of Boca Raton, 524 U.S. 775 (1998), that Defendant exercised reasonable care to prevent and promptly correct any violation of the FLSA, and Chico and the allegedly similarly situated employees unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise. Defendant acted, and continues to act, in conformity with and in reliance upon the FLSA and any

and all other applicable law(s), rule(s) and/or regulation(s). Based upon Chico's job duties, classification, and work performed, she received proper compensation from Defendant during her employment.

Defendant reserves the right to raise additional affirmative defenses as discovery may reveal.

WHEREFORE, having fully answered the Complaint and having raised affirmative defenses thereto, Defendant respectfully requests that the Court: (a) dismiss with prejudice the Complaint in its entirety; (b) award Defendant its costs, disbursements, and attorneys' fees; and (c) award Defendant such other and further relief as this Court may deem just and appropriate.

Dated: August 17, 2017
      Miami, Florida

Respectfully submitted,

By: s/ Jennifer A. Schwartz
Jennifer A. Schwartz, Esq.
Florida Bar No. 502431
E-mail: *jennifer.schwartz@jacksonlewis.com*
Derek H. Sparks, Esq.
Florida Bar No. 11434
E-mail: *derek.sparks@jacksonlewis.com*
JACKSON LEWIS PC
One Biscayne Tower
2 South Biscayne Boulevard - Suite 3500
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466
Attorney for Defendant
Dunbar Armored, Inc.

CASE NO.: 17-22701-CIV-WILLIAMS/TORRES

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

s/Jennifer A. Schwartz
Jennifer A. Schwartz, Esq.

## SERVICE LIST

**ADELAIDA CHICO V. DUNBAR ARMORED, INC.**
**CASE NO.: 17-22701-CIV-WILLIAMS/TORRES**

J.H. Zidell, Esq.
Florida Bar No. 0010121
E-mail: ZABOGADO@AOL.COM

Rivkah F. Jaff, Esq., Esq.
Florida Bar No. 107511
E-mail: rivkah.jaff@gmail.com

J.H. Zidell P.A.
City National Bank Building
300 71st St - Suite 605
Miami Beach, FL 33141
Telephone: (305) 865-6766
Facsimile:  (305) 865-7167


ATTORNEYS FOR PLAINTIFF
Adelaida Chico

Served via transmission of Notices of Electronic Filing generated by CM/ECF

Jennifer A. Schwartz, Esq.
Florida Bar No. 502431
E-mail: jennifer.schwartz@jacksonlewis.com

Derek H. Sparks, Esq.
Florida Bar No. 11434
E-mail: derek.sparks@jacksonlewis.com

JACKSON LEWIS PC
One Biscayne Tower
2 South Biscayne Boulevard - Suite 3500
Miami, Florida  33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466


ATTORNEYS FOR DEFENDANT
Dunbar Armored, Inc.

Served via transmission of Notices of Electronic Filing generated by CM/ECF