# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-22701-Civ-WILLIAMS/TORRES

ADELAIDA CHICO, and others similarly
Situated under 20 U.S.C. 216(b),

    Plaintiff,

v.

DUNBAR ARMORED, INC.,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION
## TO STAY DISCOVERY AND FOR A PROTECTIVE ORDER

This matter is before the Court on Dunbar Armored, Inc.'s ("Defendant") motion to stay discovery and for a protective order against Adelaida Chico ("Plaintiff"). [D.E. 20]. Specifically, Defendant requests that the Court (1) stay all discovery pending the outcome of a settlement conference currently set for November 1, 2017, (2) grant a protective order as to Plaintiff's one hundred and twenty-four requests for production of documents, and (3) grant a protective order relieving Defendant from producing a corporate representative to testify on certain topics. Plaintiff responded to Defendant's motion on September 19, 2017 [D.E. 25] to which Defendant replied on October 3, 2017. [D.E. 26]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendant's motion is **GRANTED**.

1

## I. BACKGROUND

On July 19, 2017, Plaintiff filed this action alleging that she and other unidentified similarly situated employees are owed unpaid overtime wages under the Fair Labor Standards Act. Shortly thereafter, Plaintiff filed a statement of claim asserting that she seeks overtime compensation for 280 hours of overtime work, which she calculates to be $5,594.40 plus liquidated damages for a total of $11,188.80, excluding attorneys' fees and costs. [D.E. 9]. The Court entered an Order on July 20, 2017 requiring the parties to participate in a settlement conference by no later than September 25, 2017.

Because the parties were unavailable on several proposed dates, the settlement conference is now scheduled for November 1, 2017. On August 11, 2017, Defendant served Plaintiff with a set of documents in preparation for the settlement conference, including all payroll records and sign-in/time sheets related to Plaintiff's claim. Plaintiff then served a first request for production of documents consisting of one hundred and twenty four individual requests, as well as a first request for admissions and a first set of interrogatories. On September 14, 2017, Plaintiff unilaterally noticed a 30(b)(6) corporate deposition for November 3, 2017 and proffered a set of topics that Defendant believes are overbroad and irrelevant. The current deadline for the parties to complete discovery is April 30, 2018. [D.E. 18].

## II. APPLICABLE PRINCIPLES AND LAW

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). Additionally, "[m]atters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).

To prevail on a motion to stay, Defendant must demonstrate reasonableness and good cause. "While overall stays of discovery may be rarely granted, courts have held good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the *entire action*.'" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.), *aff'd*, 87 F. App'x 713 (11th Cir. 2003) (emphasis added) (quoting *Association Fe Y Allegria v. Republic of Ecuador,* 1999 WL 147716 (S.D.N.Y. Mar. 16, 1999)); *see also Patterson,* 901 F.2d at 927 (holding district court did not abuse its discretion by staying discovery where pending dispositive motions gave court enough information to ascertain further discovery not likely to produce a

genuine issue of material fact); *Feldman v. Flood,* 176 F.R.D. 651 (M.D. Fla. 1997) (holding stay of discovery not appropriate unless pending dispositive motion would dispose of entire action); *Spencer Trask Software and Information Services, LLC v. Rpost International Limited,* 206 F.R.D. 367 (S.D.N.Y. 2002) (holding good cause for discovery stay exists where dispositive motion has been filed and stay is for short time period that does not prejudice opposing party); *Simpson v. Specialty Retail Concepts, Inc.,* 121 F.R.D. 261 (M.D.N.C. 1988) (setting up balancing test for stays of discovery).

In the absence of a dispositive motion, courts have also granted motions to stay in consideration of the following factors: "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citing *Tap Pharmaceutical Products, Inc. v. Atrix Laboratories, Inc.,* 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004); *Baxter International, Inc. v. Fresenius Medical Care Holdings, Inc.,* 2008 WL 4395854, at *3 (N.D. Ill. Sept. 25, 2008)).

One of the circumstances that have sometimes satisfied the aforementioned factors is the possibility of avoiding unnecessary expenses while the parties engage in mediation or settlement discussions that might conserve the parties' resources and promote judicial economy. *See, e.g., ArrivalStar, S.A. v. Blue Sky Network,*

*LLC*, 2012 WL 588806, at *2 (N.D. Cal. Feb. 22, 2012) ("The Court concludes that Blue Sky has shown good cause to justify a stay of discovery pending mediation. The Court finds that staying discovery pending mediation will conserve the resources of the parties and will not impose an inequity on any party."); *see also Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances and granting a stay to permit mediation (or to require it) will often be appropriate.").

Furthermore, "Rule 26(c) allows the issuance of a protective order if 'good cause' is shown. In addition to requiring good cause, this circuit has also required the district court to balance the interests of those requesting the order. A 'district court must articulate its reasons for granting a protective order sufficient for appellate review.'" *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989) (citations omitted); *see also Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005) ("Rule 26(c) provides that upon a showing of good cause, a court 'may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order.") (citations omitted).

It is well settled that "[t]he litigant seeking the protective order must articulate the injury with specificity." *United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 158 (D. Del. 1999) (citations omitted*); see also United States v. Garrett,* 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978) (finding that a party seeking a protective order must show not just speculative harm but must make a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements") (citations omitted); *see also Dentsply Int'l, Inc.,* 187 F.R.D. at 158 ("'Broad allegations of harm, unsubstantiated by specific examples,' do not support a showing for good cause.") (quoting *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986)). "In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection" because "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (citing *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986)); *see also Gen. Dynamics Corp. v. Selb Mfg. Corp.,* 481 F.2d 1204, 1212 (8th Cir. 1973).

### III. ANALYSIS

Defendant's motion seeks a stay of all discovery until the parties participate in a November 1, 2017 settlement conference. Defendant argues that a stay is warranted because of the exorbitant cost of responding to Plaintiff's discovery requests – and continuing motion practice – will likely exceed the total value of the case represented in Plaintiff's statement of claim. Defendant suggests that

6

requiring responses prior to the settlement conference is unreasonable and will unnecessarily force Defendant to incur significant discovery fees and costs that otherwise could be used towards the settlement of Plaintiff's claim. Defendant also contends that the documents and information sought in Plaintiff's one hundred and twenty-four requests for production have little to no relevance to the claims in this case and are unnecessary to enable the parties to reach an informed resolution at the settlement conference.[1] Because a stay of discovery will allegedly not prejudice either party with a discovery deadline of April 30, 2018, Defendant attests that there is ample time to complete discovery if the upcoming settlement conference results in an impasse.

We agree with Defendant that a short stay of discovery of less than one month will allow for the parties to mediate this case and conserve expenses for the benefit of both parties. Plaintiff disagrees because staying this action will purportedly cause her prejudice with respect to the scheduling of depositions.[2] Yet, Plaintiff does not articulate that position with any clarity, especially since any prejudice that might result is significantly reduced by the brevity of the requested stay and the large amount in costs and fees that Plaintiff and Defendant could save

---

[1]  Defendants note that they have already provided Plaintiff with payroll and other relevant documents in compliance with the Court's Order [D.E. 5] and that a stay will conserve judicial resources and avoid unnecessary attorneys' fees.

[2]  Defendant suggests that Plaintiff has attempted to frustrate the discovery process by unilaterally setting depositions. While we will not discuss this topic at length, the unilateral scheduling of depositions is highly disfavored because it leads to unnecessary costs, attorneys' fees, and motion practice. In scheduling future depositions, neither party may unilaterally set *any* depositions in this case without prior leave of court. A failure to adhere to this requirement may result in sanctions.

in the event a settlement is reached. *See ArrivalStar, S.A.*, 2012 WL 588806, at *2 ("The Court finds that staying discovery pending mediation will conserve the resources of the parties and will not impose an inequity on any party.").

Therefore, the Court concludes that Defendant has shown good cause to justify a stay. Defendant has persuasively demonstrated that the anticipated cost and burden of the discovery process will likely far exceed the merits of Plaintiff's claim. Moreover, Defendant appears optimistic that the entire discovery process may be avoided with the early resolution of this case. Though it is by no means certain that the settlement conference will successfully resolve the dispute between the parties, staying discovery for approximately 25 days will not disadvantage anyone with a discovery cutoff on April 30, 2018. As such, Defendant's motion to stay this case until the conclusion of the settlement conference on November 1, 2017 is well taken and therefore **GRANTED**. *See Curwen v. Dynan*, 2012 WL 1237643, at *2 (W.D. Wash. Apr. 12, 2012) ("The Court concludes that the Firm has shown good cause to justify a stay of discovery pending mediation. A short stay of discovery pending mediation could conserve the resources of the parties and will not impose an inequity on any party.").

Because this action is stayed until November 1, 2017, there is no need for Defendant to respond at this time to Plaintiff's 124 requests for production of documents. If this case does not resolve itself at the upcoming settlement conference or better yet earlier, a hearing will be set on the Court's discovery calendar to determine which requests, if any, are improper. As for the parties'

dispute on the topics to be discussed at the 30(b)(6) deposition, that issue will also be resolved, if necessary, in conjunction with Plaintiff's request for documents.

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's motion [D.E. 20] is **GRANTED**.[3]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of October, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[3] As for Plaintiff's request for sanctions, Plaintiff suggests that Defendant has engaged in bad faith tactics throughout this case. Yet, Plaintiff fails to support this argument with any reasoning or factual support. Plaintiff only makes a conclusory assertion and cites decisions discussing Rule 37. Because Plaintiff's request is devoid of any substantive content, Plaintiff's motion is **DENIED**.